UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>BYRON CORNELIUS PRINCE,<br>Defendant. | NO: 12-CR-0110-TOR<br>ORDER DENYING MOTION FOR NEW TRIAL |

Before the Court is Defendant's Motion for New Trial (ECF No. 73). The Defendant is represented by Andrea K. George and Amy H. Rubin. The government is represented by George J.C. Jacobs, III. This matter was heard without oral argument.

BACKGROUND

Defendant, Byron Cornelius Prince, was charged by Indictment with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Jury trial commenced on April 29, 2013. Defendant stipulated that he was a previously convicted felon (ECF No. 43) and that the firearm had been

shipped or transported from one state to another (ECF No. 58). The only issue for the jury was whether the Defendant knowingly possessed the firearm without justification. The government admitted into evidence a Smith & Wesson .22 caliber revolver (Exhibit 1) and a brown holster, both of which had been retrieved from the trunk of Defendant's automobile (Exhibit 4). The Court required that the firearm be made safe for the courtroom by engaging a strong plastic zip-tie through the barrel of the firearm and refused to allow the firearm to be sent into the jury deliberation room. However, the Court explained that the jury could request to see the firearm in open court. Because the Court ordered zip-tie obstructed the barrel, the cylinder of the firearm would not close.

On the morning of the second day of trial, the Court instructed the jury and the parties completed their closing arguments. At approximately 11:35 a.m. the Court excused the jury to begin their deliberations. *See* ECF No. 66 at 3. At 11:50 a.m., the jury sent a note to the Court requesting to view the firearm and holster. ECF Nos. 66, 67. The Court consulted with the parties[1] and at approximately 1:43

---

[1] Defendant objected to allowing the jury to see the firearm and holster, contending it was inappropriate for them to see if the firearm fit the holster. The Court overruled the objection, explaining that both articles were admitted into evidence and but for the Court's safety concerns the evidence would have gone to the jury deliberation room. There, the jury could presumably manipulate and view

p.m. responded to the jury that they could view the firearm and holster in open court. ECF Nos. 66 at 3; 68. The jury was then provided both exhibits which were handed from Juror Number 1, across the back row of the jury box to Juror Number 6 and back across the jury box from Juror Number 12 to Juror Number 7. The jury returned to their deliberation room at approximately 1:48 p.m. ECF No. 66 at 3. At 3:18 p.m. the jury advised they had a verdict which was later accepted in open Court. ECF No. 66 at 4. The jury was polled individually and all assented unanimously to the verdict. *Id*.

DISCUSSION

Defendant's motion for a new trial contends that viewing the evidence in open court amounts to jury deliberation in public and that the "conversations" adjacent jurors had with each other as they passed the evidence to one another amounts to private deliberation, rather than jury deliberation as a whole. Defendant supports his motion with the declaration of Assistant Federal Defender Matthew Campbell who was seated in the public gallery of the courtroom while the jury viewed the evidence. ECF No. 73 at 6-8. Mr. Campbell explains that he observed "conversations" that "were whispered, and generally inaudible" between

---

the evidence unfettered by the Court's safety concerns. Defendant has not renewed his objection.

jurors as they handed the evidence to one another.[2] *Id*. at 7. Yet, the only comment he claims to have heard was Juror Number 1 saying, "I'm not good with guns." *Id*. at 6. Defendant contends Mr. Campbell's declaration establishes at least five separate conversations between particular jurors.[3] *Id*. at 2. Defendant does not identify any specific prejudice he suffered from the Court's procedure.

The Court does not accept Mr. Campbell's wholly unsupported contention that the words spoken between jurors as they passed the evidence to one another constituted a conversation amounting to private deliberation. The record shows that the entire process took less than 5 minutes. There is no showing that the words spoken were anything other than niceties uttered between jurors as they passed the evidence to each other. Nothing supports the assertion that the words amounted to deliberations. The jurors immediately returned to the jury room and deliberated for another hour and a half. The jurors were unanimous in their verdict.

---

[2] Defendant claims the deliberations occurred in public, yet, even if the Court assumes these alleged conversations constituted deliberations, the words spoken are unknown to all except the jurors involved. That is the opposite of public deliberations.

[3] Defendant did not object to the process at the time it was occurring, so as to allow anything untoward to be corrected by the Court.

When determining whether juror misconduct warrants a new trial, "[t]he test is whether or not the misconduct has prejudiced the defendant to the extent that he has not received a fair trial." *United States v. Klee*, 494 F.2d 394, 396 (9th Cir. 1974). In *Klee*, the district court repeatedly admonished the jurors not to discuss the case among themselves at recesses. However, the defendant, in support of a motion for a new trial, presented an affidavit of one of the jurors which stated that eleven of the fourteen jurors (including alternates) had discussed the case during recesses and that nine of the jurors expressed premature opinions about Klee's guilt. The district court denied the motion for a new trial without any investigation into the allegations of jury misconduct and the Ninth Circuit affirmed. *See also United States v. Resko*, 3 F.3d 684, 690 (3rd Cir. 1993) ("[W]hen there are premature deliberations among jurors with no allegations of external influence on the jury, the proper process for jury decision making has been violated, but there is no reason to doubt that the jury based its ultimate decision only on evidence formally presented at trial."). Even if the Court were to assume the words spoken here constituted deliberations amongst jurors, there is no prejudice to the Defendant.

Of course, Federal Rule of Evidence 606(b) prohibits any inquiry or testimony "about any statement made or incident that occurred during the jury's deliberations." With no allegation of extraneous information interjected into the

jury's deliberations and no conceivable prejudice to the Defendant, the Court denies Defendant's motion for a new trial.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant's Motion for New Trial (ECF No. 73), is **DENIED**.

The District Court Clerk is hereby directed to enter this Order and provide copies to counsel and to the United States Probation Office.

**DATED** June 18, 2013.

THOMAS O. RICE
UNITED STATES DISTRICT JUDGE